UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JAMES GARZA,<br><br>    Plaintiff,<br><br>    v.<br><br>HECTOR DOF, et al.,<br><br>    Defendants. | Case No.  1:23-cv-01027-ADA-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 3)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Andrew James Garza ("Plaintiff"), proceeding pro se, filed this action on July 10, 2023, together with an application to proceed *in forma pauperis*. (Docs. 1, 2.) The complaint and accompanying application were not signed by Plaintiff Garza.

On July 14, 2023, the Court issued an order striking Plaintiff's unsigned complaint and unsigned application. (Doc. 3.) The Court also directed Plaintiff to file a signed complaint and completed application to proceed *in forma pauperis* within thirty days of service of the Court's order. (*Id.*) Plaintiff was expressly warned that that failure to comply with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order. (*Id.*) On July 27, 2023, the Court's order was returned as undeliverable, unclaimed.

The deadlines for Plaintiff to file a signed complaint, a completed application to proceed *in forma pauperis*, and to notify the Court of his address have passed. Plaintiff has not complied

with the Court's order, filed a notice of address, or otherwise communicated with the Court.

### I. Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

Additionally, Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1    Here, this action has been pending since July 2023 and Plaintiff's signed complaint and
2    application to proceed *in forma pauperis* are overdue. Additionally, according to the Court's
3    docket, Plaintiff's notice of his current address was due no later than September 28, 2023.  The
4    action cannot proceed without Plaintiff's cooperation and compliance with the Court's orders and
5    Local Rules. Moreover, the Court cannot hold this case in abeyance awaiting compliance by
6    Plaintiff.  The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating
7    his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

8    The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a
9    presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
10   *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs
11   against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*,
12   291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
13   responsibility it is to move a case toward disposition on the merits but whose conduct impedes
14   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods.*
15   *Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Additionally, given the
16   Court's apparent inability to communicate with Plaintiff, there are no other reasonable
17   alternatives available to address Plaintiff's failure to prosecute this action and his failure to
18   apprise the Court of his current address.  *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

19   Finally, the Court's warning to a party that failure to obey the Court's order will result in
20   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
21   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's July 14, 2023 order expressly
22   warned Plaintiff that his failure to comply would result in dismissal of this action.  (Doc. 3 at p.
23   2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

24   Additionally, at this stage in the proceedings there is little available to the Court that
25   would constitute a satisfactory lesser sanction while protecting the Court from further
26   unnecessary expenditure of its scarce resources.  Given Plaintiff's failure to respond to the
27   Court's orders or communicate with the Court indicates that monetary sanctions are of little use,
28   and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has

3

ceased litigating his case.

**II.     Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's order and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 10, 2023**           /s/ *Barbara A. McAuliffe*  
                                                                    UNITED STATES MAGISTRATE JUDGE

4